UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GERALD G.,

    Plaintiff,

 v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 3:18-CV-06045-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for child's insurance benefits[1] and supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in his consideration of an assessment from Dr. Edwin Hill, Ph.D. The ALJ also committed

---

[1] The Social Security Administration administers child's insurance benefits based in part on a familial relationship to an insured person. *See* 20 C.F.R. § 404.350.

errors in his assessment of Plaintiff's subjective symptom testimony. Had the ALJ properly considered this evidence, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's errors are therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On June 22, 2016, Plaintiff filed applications for child's insurance benefits and SSI. *See* Dkt. 8, Administrative Record ("AR") 19. Plaintiff alleges disability as of August 29, 2009. *See* AR 15, 41. The applications were denied upon initial administrative review and on reconsideration. *See* AR 15. ALJ Allen G. Erickson held a hearing on March 22, 2018. AR 35-118. In a decision dated June 22, 2018, the ALJ determined Plaintiff to be not disabled. AR 12-33. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to properly consider: (1) an assessment from Dr. Hill; (2) assessments from Plaintiff's vocational counselors; and (3) Plaintiff's subjective symptom testimony. *See* Dkt. 10, pp. 3-14.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.      Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff contends the ALJ failed to provide legally sufficient reasons to discount evidence from Dr. Hill, who completed neuropsychological evaluations of Plaintiff. Dkt. 10, pp. 3-8.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Hill performed neuropsychological evaluations of Plaintiff on March 24, 2016 and April 22, 2016, on which he based his written assessment. *See* AR 614-28.[2] Dr. Hill performed a mental status evaluation, Wechsler Adult Intelligence Scale-IV, and multiple other evaluations, including intellectual skills tests, auditory and visual information processing tests, and academic achievement tests. *See* AR 618-24. Dr. Hill stated Plaintiff "has significant difficulties with consistently and reliably maintaining his attention and concentration." AR 615. Plaintiff "tends

---

[2] Dr. Hill's report appears multiple times in the administrative record. *See, e.g.*, AR 723-37, 743-57. The Court cites the report as it appears the first time in the administrative record.

to be easily distractible" and "focuses best when working with simple, familiar, and highly structured material." AR 615. Dr. Hill found Plaintiff's language-related memory and learning abilities "quite weak" and his short-term memory "easily overloaded" with respect to language-related information, but noted Plaintiff "learns much better through visual means[.]" AR 615. Additionally, Dr. Hill determined Plaintiff "has difficulties adapting to unexpected changes and is prone to perseverating in his thinking." AR 615.

Moreover, Dr. Hill opined Plaintiff "has some significant academic learning difficulties with very impaired reading speed, very impaired writing speed, and impaired spelling abilities." AR 616. Plaintiff "is a slow learner who needs to be able to work at his own pace," and "is borderline impaired in his information processing speed." AR 616. Rather than learning "in an academic classroom type" situation, Dr. Hill found Plaintiff "would learn much better in an apprentice style training program where he could receive direct supervision and corrective feedback in hands on learning situations," with one-on-one instruction. AR 616. Dr. Hill further stated Plaintiff's "most significant issues" regarding his ability to work in the competitive market are "psychiatric in nature." AR 616. Dr. Hill noted Plaintiff "has chronic problems with impulse control and poor judgment[.]' AR 616. Dr. Hill determined Plaintiff "has significant problems with attachment to others and is very pessimistic and negative about his capabilities for trusting other people." AR 617.

Given Plaintiff's "significant psychiatric problems," Dr. Hill found "[i]t would be inadvisable to attempt to start him in a full time position as he would become easily overwhelmed." AR 617. Though Dr. Hill opined Plaintiff needs "significant psychotherapy and psychiatric medication," he found it "unclear whether [Plaintiff] would . . . cooperate fully with the treatment that he needs" due to his inability to trust strangers. AR 617. Dr. Hill noted

Plaintiff "needs to develop some patience and capabilities for trusting other people." AR 617. In all, Dr. Hill determined Plaintiff would "be a significant challenge for successful vocational rehabilitation due to his multiple problems." AR 617.

In his decision, the ALJ discussed some parts of Dr. Hill's assessment. *See* AR 21-22. The ALJ thereafter gave "some weight" to Dr. Hill's assessment because:

> [Dr. Hill] performed thorough evaluations of the claimant. (1) However, [the assessment] does not specifically describe the claimant's level of functioning. (2) Furthermore, the clinical findings of treatment providers as well as the doctor's clinical findings support he can perform the demands of the above [RFC].

AR 25 (numbering added)

First, the ALJ gave Dr. Hill's evaluation "some weight" because it "does not specifically the describe" Plaintiff's level of functioning. AR 25. An ALJ need not account for a physician's observations which are couched as recommendations rather than statements of the claimant's functional capacities. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 691 (9th Cir. 2009); *see also Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1166, 1165 (9th Cir. 2008). But the ALJ "must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421.

Here, the ALJ failed to adequately explain his consideration of Dr. Hill's assessment. In assigning Dr. Hill's assessment "some weight," the ALJ did not explain which parts of Dr. Hill's assessment he intended to account for and which parts of Dr. Hill's assessment he intended to reject. *See* AR 25; *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review"). The ALJ also failed to explain how he drew his conclusion that Dr. Hill's assessment fails to "specifically describe" Plaintiff's level of functioning. *See* AR 25.

Without an adequate explanation as to the weight he assigned to Dr. Hill's assessment, and without explanation as to how he found Dr. Hill's assessment lacks specific descriptions about Plaintiff's functioning, the Court cannot determine whether the ALJ's reasoning is specific and legitimate and supported by substantial evidence. As the Court cannot determine whether the ALJ adequately considered this assessment, he erred. *See Embrey*, 849 F.2d at 422 (citation omitted) ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings"); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence"); *McCann v. Colvin*, 111 F.Supp.3d 1166, 1175 (W.D. Wash. 2015) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)) ("The ALJ must provide an explanation for his determination.").

Second, the ALJ noted "the clinical findings of treatment providers as well as the doctor's clinical findings support" Plaintiff's ability to perform the RFC. AR 25. The ALJ again failed to provide, however, any supporting rationale to explain how he determined clinical findings from Plaintiff's treatment providers and Dr. Hill support the RFC. *See* AR 25. Further, as stated above, the ALJ's conclusory statement about Dr. Hill's assessment makes it unclear whether he intended to account for, or reject, this assessment. As such, the ALJ's second statement about Dr. Hill's assessment is not a specific, legitimate reason, supported by substantial evidence, to reject this assessment. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (citations omitted) ("We require the ALJ to build an accurate and logical bridge from the evidence to [his] conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

In this case, the Court is unable to determine whether, and if so, how, the RFC and hypothetical questions to the vocational expert ("VE") would have changed if the ALJ accounted for Dr. Hill's assessment. For instance, Dr. Hill made multiple statements about Plaintiff's difficulties trusting and being patient with other people. *See, e.g.*, AR 617. Dr. Hill also stated "[i]t would be inadvisable to attempt to start [Plaintiff] in a full time position[.]" AR 617. Hence, the RFC and hypothetical questions posed to the VE may have contained greater limitations if the ALJ accounted for Dr. Hill's assessment.

As the Court cannot determine whether and how the RFC and hypothetical questions posed to the VE may have changed with proper consideration of Dr. Hill's assessment, the Court cannot find the ALJ's error harmless. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56) ("'[A] reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'"); *Brown-Hunter*, 806 F.3d at 492 ("Because we cannot engage in such substitution or speculation, such error will usually not be harmless.").

On remand, the ALJ is directed to re-assess this entire matter, including Dr. Hill's assessment. If the ALJ intends to reject Dr. Hill's assessment, he shall state with specificity his reasons for doing so.

**II.     Whether the ALJ properly evaluated assessments from the vocational counselors.**

Plaintiff next maintains the ALJ failed to properly consider assessments from Plaintiff's vocational counselors. Dkt. 10, pp. 8-9. The Court has concluded the ALJ erred in considering Dr. Hill's assessment and this case must be remanded for further consideration of this opinion. *See* Section I., *supra*. As this case must be remanded, the Court declines to consider whether the ALJ harmfully erred in his consideration of the assessments from Plaintiff's vocational counselors. Rather, the Court instructs the ALJ to re-evaluate the assessments from Plaintiff's vocational counselors on remand as necessitated by his re-evaluation of Dr. Hill's assessment.

**III.    Whether the ALJ properly considered Plaintiff's subjective symptom testimony.**

Lastly, Plaintiff contends the ALJ improperly assessed Plaintiff's subjective symptom testimony. Dkt. 10, pp. 10-14. Because Plaintiff will be able to present new evidence and testimony on remand, and because proper consideration of the medical opinion evidence may impact the ALJ's assessment of Plaintiff's subjective symptom testimony, the Court declines to consider whether the ALJ erred in his entire assessment of Plaintiff's testimony. Instead, the Court directs the ALJ to reweigh Plaintiff's subjective symptom testimony as necessary on remand.

In any event, the Court notes the ALJ's assessment of Plaintiff's subjective symptom testimony contains facially apparent errors. For instance, the ALJ rejected Plaintiff's subjective symptom testimony due to Plaintiff's "lack of treatment." AR 24. When assessing a claimant's

subjective symptom testimony, an ALJ may consider "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citations omitted). But an ALJ must consider the "possible reasons [a claimant] may not comply with treatment or seek treatment consistent with the degree of his or her complaints." *See* Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *9. Additionally, a person suffering from a mental illness may not realize that he needs treatment, or he may not realize that his "condition reflects a potentially serious mental illness." *Nguyen*, 100 F.3d at 1465. Thus, "'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" *Id.* (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)).

In this case, the record reflects Plaintiff was incarcerated during the years of 2010-2012 and 2013-2015. *See* AR 24, 45. Plaintiff testified there was not any available "help" for his mental health conditions while he was incarcerated. *See* AR 50-51, 56. Plaintiff also testified he was not in treatment at the time of the hearing because he felt mental health counseling was unhelpful to his conditions. *See* AR 69, 77. The ALJ's decision, however, does not reflect he considered these explanations for Plaintiff's lack of treatment. *See* AR 24; *Baker v. Berryhill*, 2018 WL 3408187, at *4 (W.D. Wash. July 13, 2018) (a person with mental illness "may not have the requisite insight into his or her condition to seek or comply with treatment"). Hence, the ALJ erred. *See Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299-1300 (9th Cir. 1999) (quoting *Nguyen*, 100 F.3d at 1465) ("[W]e have particularly criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'"); *see also Mitchell v. Colvin*, 584 Fed.

Appx. 309, 314 (9th Cir. 2014) (a claimant's explanation for failure to follow prescribed treatment is relevant when an ALJ discredits the claimant's testimony for failure to follow treatment).

Moreover, the ALJ rejected Plaintiff's subjective symptom testimony in light of his daily activities. *See* AR 24. There are two grounds under which an ALJ may use daily activities to form the basis of an adverse credibility determination: (1) whether the activities contradict the claimant's other testimony, and (2) whether the activities of daily living meet "the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). In this case, the ALJ referred to the first ground by claiming Plaintiff's activities were inconsistent with his allegations. *See* AR 24. Although the ALJ described several activities he found Plaintiff engages in and concluded these were inconsistent with her allegations, he failed to explain *how* any of the cited activities undermined Plaintiff's testimony. *See* AR 32-34. As the ALJ did not explain "*which* daily activities conflicted with *which* part of [Plaintiff's] testimony," he erred. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (emphasis in original); *see also Lester*, 821 F.3d at 834 (citation omitted) ("General findings [of credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.").

Finally, Defendant argues "[t]he ALJ relied on inconsistencies between [Plaintiff's] statements when deciding not to fully credit his allegations." Dkt. 11, p. 4 (citing AR 21). Defendant went on to describe purportedly inconsistent statements made by Plaintiff. *Id.* at pp. 4-5. Although the ALJ described Plaintiff's testimony and statements throughout the record, a review of the ALJ's decision reflects he did not expressly reject Plaintiff's subjective symptom testimony due to inconsistent statements. *See* AR 21-25. The Court cannot "affirm the decision

of an agency on a ground the agency did not invoke in making its decision." *Stout*, 454 F.3d at 1054 (internal quotation marks and citation omitted). "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (emphasis in original) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)) (other citation omitted). As the ALJ did not reject Plaintiff's testimony due to inconsistent statements, Defendant's *post hoc* argument is without merit.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 4th day of June, 2019.

David W. Christel
United States Magistrate Judge